UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

FRANCISCO PORRAS,

    Plaintiff,

vs.

HARMONIE, LLC, a Florida Limited
Liability Company, d/b/a TAPEO, and
TAMARA FERNANDEZ, individually

    Defendants.

_____/

## COMPLAINT

Plaintiff FRANCISCO PORRAS, (hereinafter "Plaintiff") by and through his undersigned attorney hereby sues Defendants, HARMONIE, LLC, a Florida Limited Liability Company, d/b/a TAPEO (hereinafter, "HARMONIE"), and TAMARA FERNANDEZ, individually (hereinafter "FERNANDEZ") collectively ("Defendants") and states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and other relief for unpaid wages and unpaid overtime wages committed by Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendants, and the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal jurisdiction here

as at all material times conducted and continue to conduct business in the Southern District of Florida.

4. All conditions precedent to the maintenance of this action have been performed or have been waived.

## PARTIES

5. Plaintiff at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

6. During all times relevant to this Complaint, Plaintiff was employed by Defendants as a chef. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

7. HARMONIE is a Florida limited liability company organized and existing under and by virtue of the laws of Florida and is registered to do business within Florida. HARMONIE had, at all times material hereto, conducted substantial and continuous business within Miami-Dade County, and is subject to the laws of the United States and the State of Florida.

8. HARMONIE is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. Specifically, Defendant HARMONIE has several restaurants where they use goods transported across interstate lines. Plaintiff regularly cooked on the line as well as made orders occasionally when needed. These orders were made using phones and/or the internet.

10. At all times material to this Complaint, Defendant HARMONIE has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

11. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce that Plaintiff is covered under the FLSA through individual coverage, as Plaintiff regular and recurrently used the instrumentalities of interstate commerce. More specifically, Plaintiff regularly cooked utilized food products, cooking instruments as well as made orders occasionally when needed. These orders were made using phones and/or internet.

12. HARMONIE upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

13. FERNANDEZ is a corporate officer of and/or owner, and exercised operational control over the activities of, corporate Defendant, HARMONIE.

14. At all relevant times, FERNANDEZ acted directly in the interest of her company, HARMONIE. Upon all available information, TAMARA FERNANDEZ controlled the manner in which Plaintiff performed his work and the pay he was to receive.

15. All Defendants were "employers" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

16. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS

17. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

18. Plaintiff worked for Defendants from on or about September 17, 2021, through October 15, 2021 as an executive chef for the restaurant located at: 112 Giralda Ave, Coral Gables FL 33134.

19. Though Plaintiff was titled as an executive chef, he did not do anything different than the individuals he was "managing." At least 80% of Plaintiff's day to day work in a given week

involved manual labor rather than giving directives to employees. Further, Plaintiff did not have any authority to exercise discretion and independent judgment as to matters of significance.

20. Based on the information currently available to Plaintiff, was paid $2,200.00/bi-weekly. He was paid every two weeks. However, Defendants failed to compensate Plaintiff at a rate higher or equal to Florida and federal minimum wage for some of the work performed by Plaintiff during the relevant period.

21. Specifically, Defendants did not compensate Plaintiff at all for the work performed during the last two (2) weeks and (3) three days of his employment.

22. Defendants' failure to pay in accordance to the scheduled pay dates resulted in Defendants failure to pay the required minimum hourly wage for some of the hours worked by Plaintiff.

23. Plaintiff estimates that he is owed at least two thousand six hundred and forty dollars $2,860.00 in unpaid wages for the last two weeks and three days of his employment.

24. Further, throughout his employment, Plaintiff was misclassified as an exempt employee of Defendants and was not paid for his overtime.

25. During the course of his employment, Plaintiff regularly worked 45-50 hours a week.

26. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

27. The Defendants and their representatives knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

28. Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

29. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

30. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

31. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

**COUNT I**
**VIOLATION OF FLSA/UNPAID WAGES**
**against HARMONIE**

32. Plaintiff realleges and re-affirms each and every factual allegation as stated in paragraphs 1 through 31 of this complaint as if set out in full herein.

33. This action is brought by Plaintiff to recover from HARMONIE unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.*   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

34. At all times during his employment, the Plaintiff was an employee required to be paid a minimum hourly wage for every hour worked and entitled to receive those minimum hourly wages not later than the regularly established pay day.

35. Since the beginning of Plaintiff's employment, HARMONIE has violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2) by failing to timely pay the Plaintiff at least a minimum hourly wage on the regularly scheduled pay date when wages were due, resulting in the payment of less than the required minimum hourly wage to the Plaintiff.

36. HARMONIE knew or showed a reckless disregard for the provisions of the FLSA concerning the timely payment of hourly wages and the payment of minimum wages for all hours worked in respective pay periods, and accordingly remains owing the named Plaintiff, liquidated damages, based upon the unpaid minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period during the three-year period preceding this lawsuit.

37. The Plaintiff incurred expenses and endured considerable hardships and damages as a result of being deprived of a minimum hourly wage when due as alleged.

38. By reason of the said intentional, willful and unlawful acts of HARMONIE, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

39. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

40. Defendant HARMONIE never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

41. As a result of HARMONIE's willful violations of the Act, Plaintiff is entitled to liquidated damages.

42. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant HARMONIE.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against HARMONIE:

A. Adjudge and decree that Defendant HARMONIE has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## VIOLATION OF FLSA/OVERTIME
### against HARMONIE

43. Plaintiff realleges and re-affirms each and every factual allegation as stated in paragraphs 1 through 31 of this complaint as if set out in full herein.

44. This action is brought by Plaintiff to recover from HARMONIE unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.*  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

45. Since the commencement of Plaintiff's employment, HARMONIE has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours

worked in excess of forty (40) hours at a rate not less than one and one half times his regular rate.

46. Specifically, throughout his employment, Plaintiff regularly worked between 45 to 50 hours during each workweek in which he was employed.

47. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

48. Defendant HARMONIE is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies.

49. The Plaintiff was a chef and was at all relevant times, covered by the FLSA.

50. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff did not have the decision-making authority to create plates as a Chef would and was tasked with duties such as cleaning dishes, cleaning the restaurant, and making drinks.

51. Defendant HARMONIE has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

52. By reason of the said intentional, willful and unlawful acts of HARMONIE, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

53. Defendant HARMONIE never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

54. As a result of Defendant HARMONIE's willful violations of the Act, Plaintiff is entitled to liquidated damages.

55. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from HARMONIE.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against HARMONIE:

A. Adjudge and decree that Defendant HARMONIE has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT III
### VIOLATION OF FLSA/UNPAID WAGES
### against TAMARA FERNANDEZ

56. Plaintiff realleges and re-affirms each and every factual allegation as stated in paragraphs 1 through 31 of this complaint as if set out in full herein.

57. At the times mentioned, FERNANDEZ was, and is now, a corporate officer of corporate

Defendant, HARMONIE.

58. FERNANDEZ was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that FERNANDEZ acted directly in the interests of Defendant HARMONIE in relation to their employees including Plaintiff.

59. Specifically, FERNANDEZ supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

60. FERNANDEZ had operational control of the business and is thus jointly liable for Plaintiff's damages.

61. Defendant FERNANDEZ willfully and intentionally refused to properly pay Plaintiff at least minimum wages for each hour worked as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant FERNANDEZ:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### VIOLATION OF FLSA/OVERTIME
### against TAMARA FERNANDEZ

62. Plaintiff realleges and re-affirms each and every factual allegation as stated in paragraphs 1 through 31 of this complaint as if set out in full herein.

63. At the times mentioned, Defendant FERNANDEZ was, and is now, a corporate officer of corporate Defendant, HARMONIE.

64. FERNANDEZ was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that FERNANDEZ acted directly in the interests of Defendant HARMONIE in relation to their employees including Plaintiff.

65. Specifically, FERNANDEZ supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

66. FERNANDEZ had operational control of the business and is thus jointly liable for Plaintiff's damages.

67. Defendant FERNANDEZ willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant FERNANDEZ:

   A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, FRANCISCO PORRAS demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: November 9, 2021

**PEREGONZA THE ATTORNEYS, PLLC**

1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/ Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By:/s/ Juan J. Perez
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com